**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-00671 BRO (FFMx) | Date | June 21, 2017 |
|---|---|---|---|
| Title | ANTHONY DELAROSA V. STATE STREET CORPORATION, ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

### ORDER RE DEFENDANTS' MOTION TO TRANSFER VENUE [33]

### I.    INTRODUCTION

Pending before the court is Defendants State Street Corporation ("State Street"), Joseph L. Hooley, Edward J. Resch, and Michael W. Bell's (collectively, "Defendants") Motion to Transfer Venue to the United States District Court for the District of Massachusetts. (Dkt. No. 33 (hereinafter, "Mot.").) After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Defendants' Motion.

### II.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Anthony Delarosa,[1] on behalf of a class of plaintiffs who purchased State Street stock between February 27, 2012 and January 18, 2017, brings this federal securities class action against Defendants. (*See* Dkt. No. 1 (hereinafter, "Compl.") ¶ 1.) State Street, through its subsidiaries, provides a range of financial products and services to institutional investors around the world. (Compl. ¶ 7.) State Street is incorporated in Massachusetts and its main office is located in Boston, Massachusetts. (*Id.*) Defendant Hooley is State Street's Chief Executive Officer. (Compl. ¶ 8.) Defendant Resch served as Executive Vice President and Chief Financial Officer of State Street from 2002 until

---

[1] On May 3, 2017, the Court entered an Order naming Marlene Konkoly as the lead plaintiff in this case. (*See* Dkt. No. 32.) The Court will refer to the proposed class members, the named plaintiff, and the lead plaintiff collectively as "Plaintiffs."

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-00671 BRO (FFMx) | Date | June 21, 2017 |
|---|---|---|---|
| Title | ANTHONY DELAROSA V. STATE STREET CORPORATION, ET AL. | | |

2013.  (Compl. ¶ 9.)  Defendant Bell has served as the Chief Financial Officer of State Street since 2013.  (Compl. ¶ 10.)

Plaintiffs claim that, on February 27, 2012, State Street filed a Form 10-K for the fiscal year ended December 31, 2011 providing its year-end financial results and its internal controls and procedures.  (Compl. ¶ 16.)  State Street did the same in February of each year from 2013 through 2016.  (Compl. ¶¶ 17–20.)  Plaintiffs contend that these publications and certifications were false or misleading because (1) State Street had actually engaged in a scheme to defraud a number of its clients by "applying commissions to billions of dollars of securities trades," (2) its billing practices relied on unsustainable methodologies, (3) approximately $240 million of expenses had been incorrectly invoiced to State Street's asset servicing clients, and, (4) from June 2010 to September 2011 State Street charged clients "substantial" mark-ups without their consent.  (Compl. ¶ 21.)

Specifically, on January 31, 2014, *Bloomberg* published an article entitled "State Street Fined $37.7 Million in U.K. for Hidden Fees."  (Compl. ¶ 22.)  The article indicated that State Street had charged its clients mark-ups without their consent.  (*Id.*)  Based on this news, State Street's share price fell $3.64 per share, or over 5.3%, over two trading days.  (Compl. ¶ 23.)  In addition, on December 17, 2015, State Street filed a Form 8-K with the SEC announcing that it had incorrectly invoiced certain expenses.  (Compl. ¶ 24.)  After this announcement, State Street's share price fell $3.88 per share, or over 5.6%, over two trading days.  (Compl. ¶ 25.)  Then, on January 27, 2016, State Street issued a press release entitled "State Street Reports Fourth-Quarter 2015 GAAP-Basis EPS of $1.34 on Revenue of $2.5 Billion; Full-Year 2015 GAAP-Basis EPS of $4.47 on Revenue of $10.4 Billion," in which State Street revealed that it had incurred a "pre-tax charge of approximately $17 million" for interest on the amounts it owed as reimbursement for the improperly invoiced expenses.  (Compl. ¶ 26.)  On this news, State Street's share price fell $4.02 per share, or over 7.1% from the previous day's closing.  (Compl. ¶ 27.)

On April 5, 2016, *Reuters* published an article entitled "Ex-State Street executives charged in U.S. for defrauding clients," announcing that federal prosecutors were charging two former State Street executives for scheming to defraud six clients.  (Compl. ¶ 28.)  After this announcement, State Street's share price dropped $1.19 per share, or

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-00671 BRO (FFMx) | Date | June 21, 2017 |
|---|---|---|---|
| Title | **ANTHONY DELAROSA V. STATE STREET CORPORATION, ET AL.** | | |

over 2% from its previous closing price. (Compl. ¶ 29.) Finally, on January 18, 2017, the United States Department of Justice announced that State Street had entered a deferred prosecution agreement and agreed to pay a $32.3 million criminal penalty to resolve charges that it had engaged in a scheme to defraud several of the bank's clients by applying commissions to billions of dollars of securities trades. (Compl. ¶ 30.) State Street offered an equal amount as a civil penalty to the Securities and Exchange Commission ("SEC"), resulting in a total settlement of over $64 million. (*Id.*) After this announcement, State Street's share price fell $1.46 per share, or over 1.8%, over two trading days. (Compl. ¶ 31.)

Accordingly, Plaintiffs filed this action in this Court on January 27, 2017, alleging violations of section 10(b) and 20(a) of the Exchange Act and Rule 10b-5. (*See* Compl.) As mentioned above, on May 3, 2017, the Court entered an Order appointing Marlene Konkoly as lead plaintiff and appointing The Rosen Law Firm as lead counsel. (Dkt. No. 32.) On May 15, 2017, Defendants filed the instant Motion seeking the transfer of this action from this district to the District of Massachusetts. (*See* Mot.) Plaintiffs opposed the Motion on June 5, 2017. (Dkt. No. 34 (hereinafter, "Opp'n").) Defendants replied on June 12, 2017. (Dkt. No. 35.)

## III. LEGAL STANDARD

### A. Transfer Pursuant to 28 U.S.C. § 1404(a)

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). On a motion to transfer venue, "[t]he burden is on the moving party to establish that a transfer would allow a case to proceed more conveniently and better serve the interests of justice." *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d 1093, 1109 (C.D. Cal. 2007). "A court ruling on a motion to transfer must balance the convenience of parties and witnesses, and the interests of justice." *Pfeiffer v. Himax Techs., Inc.*, 530 F. Supp. 2d 1121, 1123 (C.D. Cal. 2008) (citing 28 U.S.C. § 1404(a)).

In analyzing the "interests of justice" involved, a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated

Case 1:17-cv-11155-NMG   Document 37   Filed 06/21/17   Page 4 of 11

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-00671 BRO (FFMx) | Date | June 21, 2017 |
|---|---|---|---|
| Title | **ANTHONY DELAROSA V. STATE STREET CORPORATION, ET AL.** | | |

and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of the compulsory process to compel attendance of unwilling non-party witnesses; and, (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Sharma v. Globalfoundries U.S., Inc.*, No. 5:15-CV-03631-EJD, 2016 WL 2742399, at *1 (N.D. Cal. May 11, 2016) (citation omitted).

### B.   Transfer Pursuant to 28 U.S.C. § 1406

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a). "Section 1404(a) generally applies when the transferor court is a proper venue for the action, while § 1406(a) is relied on when venue is not proper in the forum where a plaintiff originally filed suit."[2] *Nelson-Devlin v. Eli Lilly & Co.*, Nos. 2:14-cv-02811-KJM-EFB, 2:14-cv-02914-KJM-EFB, 2:14-cv-03004-KJM-EFB, 2015 WL 5436700, at *5 (E.D. Cal. Sept. 15, 2015). "Unlike 1404(a) transfers, no particular factors guide the decision ordering transfer under § 1406. *Id.* (internal quotation marks omitted). However, generally when deciding whether transfer would be in the interests of justice, the relevant factors "are the same as those applicable to Section 1404(a)." *Billing v. CSA-Credit Sols. of Am., Inc.*, No. 10-cv-0108 BEN (NLS), 2010 WL 2542275, at *5 (S.D. Cal. June 22, 2010). Further, "[i]t is only proper to transfer venue to a court where the case 'could have been brought' (i.e., the 'transferee court' must have proper subject matter jurisdiction, proper venue, and be able to exercise personal jurisdiction[])." *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001).

---

[2] "Once a defendant has raised a timely objection to venue, the plaintiff has the burden of showing that the venue is proper." *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 960 (C.D. Cal. 2005) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491 (9th Cir. 1979)).

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-00671 BRO (FFMx) | Date | June 21, 2017 |
|---|---|---|---|
| Title | ANTHONY DELAROSA V. STATE STREET CORPORATION, ET AL. | | |

## IV. DISCUSSION

### A. Whether Venue is Proper in this District

Defendants first move for transfer pursuant to § 1406(a), which applies when venue is not proper within the forum district. *See* 28 U.S.C. § 1406(a). In their Complaint, Plaintiffs contend that venue is proper in this Court under 28 U.S.C. § 1391(b) and the Exchange Act, 15 U.S.C. § 78aa. (Compl. ¶ 4.) Pursuant to 28 U.S.C. § 1391(b), venue is proper in the judicial district (1) where any defendant resides, (2) in which a substantial part of the events or omissions giving rise to the claim occurred, or, (3) if there is no other district where the action may be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). Pursuant to 15 U.S.C. § 78aa(a), an action "may be brought in the district wherein any act or transaction constituting the violation occurred." 15 U.S.C. § 78aa(a). Plaintiffs do not contend that there is no other district where this action could have been brought. Thus, the only points of dispute are whether State Street "resides" in this district to establish venue under § 1391(b) and whether "any act or transaction constituting the violation" at issue in this case occurred within this district to establish venue under § 78aa. (*See* Opp'n at 3–5.)

#### 1. Whether State Street's Subsidiary Establishes Residency

Plaintiffs contend that venue is appropriate in this district because State Street is present here through its subsidiary State Street Bank and Trust Corporation ("SSBT"). (Opp'n at 4–5.) Plaintiffs rely on an agency theory, arguing that because State Street conducts its business primarily through SSBT, SSBT "is a general agent of State Street." (Opp'n at 5.) Specifically, Plaintiffs argue that "[a] subsidiary is a general agent where it performs services that are so important to the parent that if a representative did not do it, the parent corporation would need to perform substantially similar services." (*Id.* (citing *Harris Rustky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003)).) The Ninth Circuit has explained, however, that in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the Supreme Court overruled the Ninth Circuit's agency test upon which Plaintiffs rely. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1021 (9th Cir. 2017) ("[The Ninth Circuit] stated that while *Daimler* invalidated our previous 'agency' test, it 'left intact' the alternative 'alter ego test for "imputed" general jurisdiction.'"

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-00671 BRO (FFMx) | Date | June 21, 2017 |
|---|---|---|---|
| Title | ANTHONY DELAROSA V. STATE STREET CORPORATION, ET AL. | | |

(quoting *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1071 (9th Cir. 2015))); *see also Daimler*, 134 S. Ct. at 759–60 ("The Ninth Circuit's agency theory thus appears to subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate, an outcome that would sweep beyond even the 'sprawling view of general jurisdiction' we rejected in *Goodyear*."). Accordingly, Plaintiffs' reliance on the agency theory is misplaced and cannot support Plaintiffs' argument that the Court should consider State Street and SSBT to be one entity. Plaintiffs provide no argument regarding the only other viable theory that could import SSBT's citizenship onto State Street—the alter ego theory. Thus, the Court finds that State Street's subsidiary's presence in this district is insufficient to establish that State Street resides in this district. Accordingly, venue does not appear to be proper here under § 1391(b).

### 2. Whether a Violative Act Occurred in this District

Plaintiffs also contend that a violative act has occurred in this district, and therefore, venue is proper under the Exchange Act. (*See* Opp'n at 3–4.) Under the Exchange Act, if the defendant has performed any violative act in the forum district, venue will lie. *See* 15 U.S.C. § 78aa(a). "The act alleged to have occurred in the forum need not be crucial, nor must 'the fraudulent scheme have been hatched in the forum district.'" *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11-9495 PSG (JCGx), 2013 WL 4517242, at *6 (C.D. Cal. Aug. 26, 2013) (quoting *Sec. Inv. Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)). In securities class actions, "[m]isrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received." *In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006) (citation omitted). Nonetheless, "some courts have found that venue lies if the defendant causes false or misleading information to be transmitted into that district or otherwise directs communications into the forum." *Vanleeuwen*, 2013 WL 4517242, at *6.

Here, Plaintiffs argue that the allegedly false statements (i.e., Defendants' annual reports filed with the SEC) "were publicly disseminated nationwide, including in the Central District of California," which is sufficient to establish an "act or transaction" occurred within this district under the Exchange Act. (Opp'n at 4.) However, in their Complaint, Plaintiffs do not allege that the SEC forms State Street filed were disseminated or viewed by anyone located in California. In fact, Plaintiffs' Complaint

| CV-90 (06/04) | CIVIL MINUTES – GENERAL | Page 6 of 11 |
|---|---|---|

Case 1:17-cv-11155-NMG   Document 37   Filed 06/21/17   Page 7 of 11

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00671 BRO (FFMx) | Date | June 21, 2017 |
|---|---|---|---|
| Title | ANTHONY DELAROSA V. STATE STREET CORPORATION, ET AL. | | |

makes no reference to California, other than when discussing the location of SSBT.[3]  (*See* Compl. ¶ 7.)

In *Vanleeuwen*, the court recognized that there is "no authority, in this or any other jurisdiction, holding that venue may be established merely because allegedly false information was 'made available' to the plaintiff in the forum, without another specific act by the defendant sending a communication or document directly into the forum." *Vanleeuwen*, 2013 WL 4517242, at *7.  "In contrast, courts finding venue under the violative act prong of § 78aa have done so when there is a closer connection between the defendant's affirmative act and the forum." *Id.*   For instance, courts have held that venue is proper under the Exchange Act when the plaintiff alleges that "the allegedly false or misleading information was transmitted into" the venue.  *In re AES Corp. Sec. Litig.*, 240 F. Supp. 2d 557, 561–62 (E.D. Va. 2003).  The authority that Plaintiffs provide in their Opposition supports this proposition.  *See In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 686–87 (E.D. Tex. 1999) (finding venue was proper where "the evidence presented by the Plaintiffs establishe[d] that information regarding the desirability of owning Triton's stock did enter the [forum district] and was relied upon by persons in the [forum district]"); *Carty v. Health-Chem Corp.*, 567 F. Supp. 1, 2 (E.D. Pa. 1982) (holding that venue was proper in a securities class action where the plaintiffs alleged that they had received the defendant's annual and quarterly reports in the forum district).

Plaintiffs' Complaint here makes no such allegations; for example, Plaintiffs do not allege that Defendants disseminated State Street's SEC filings in California, that State Street sent its SEC filings to anyone in California, or that anyone in California reviewed or relied upon State Street's SEC filings.  Thus, Plaintiffs have not established that this district is a proper venue under the Exchange Act.  *See Vanleeuwen*, 2013 WL 4517242, at *8 (finding that the plaintiffs failed to establish proper venue where they did not "actually establish[] tha[t] any Defendant engaged in a violative act in the forum"); *see also Am. High-Income Tr. v. AlliedSignal Inc.*, No. CIV. A. 00-690 GMS, 2002 WL

---

[3] Moreover, Mr. Delarosa, the named plaintiff in this action, is a resident of Rockwall County, Texas, (*see* Dkt. No. 2), and Ms. Konkoly, the appointed lead plaintiff, has not disclosed where she resides, (*see* Dkt. No. 25-2 (redacting address)).  Thus, even assuming that Defendants transmitted the SEC filings at issue directly to the named and/or lead plaintiff in this action, Plaintiffs still have not established that Defendants transmitted any information to California.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00671 BRO (FFMx) | Date | June 21, 2017 |
|---|---|---|---|
| Title | ANTHONY DELAROSA V. STATE STREET CORPORATION, ET AL. | | |

373473, at *2 (D. Del. Mar. 7, 2002) ("[T]he fact that SEC filings and related press releases could have been received and read in Delaware is insufficient to find that Delaware is a proper venue for the director defendants.").[4]

### B.   Whether Transfer of this Action is Appropriate

As explained above, once the Court determines that venue is not proper in the forum district, § 1406(a) applies and § 1404(a) does not. Section 1406(a) provides that the court may either dismiss a case where venue does not lie, or "if it be in the interest of justice," transfer the case to a district where venue does lie. 28 U.S.C. § 1406(a). Here, Defendants do not request dismissal; rather, they request that the Court transfer the action to the District of Massachusetts. (*See* Mot. at 11.) Therefore, the Court will consider whether transfer is proper.

#### 1.   Whether the Action Could Have Been Brought in Massachusetts

The Court must determine whether the action could have been brought in the District of Massachusetts. 28 U.S.C. § 1406(a). This requires the Court to determine whether the District of Massachusetts has jurisdiction over the matter and whether venue is proper there. *See Abrams Shell*, 165 F. Supp. 2d at 1110 (transferring action under § 1406 where venue and jurisdiction was proper in the transferee court); *see also Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (finding that Plaintiff must have a right, "independently of the wishes of defendant," to sue in the district wherein the defendant seeks to transfer the case). Plaintiffs do not argue that this action could not have been brought in Massachusetts; nonetheless, the Court will address this requirement.

First, Plaintiffs bring exclusively federal claims, (*see* Compl.); thus, the District of Massachusetts has subject matter jurisdiction, *see* 28 U.S.C. § 1331. Next, Defendants concede that they are subject to personal jurisdiction in Massachusetts. (*See* Mot. at 5.) Indeed, Massachusetts courts have personal jurisdiction over anyone who resides in

---

[4] Further, because the Exchange Act permits venue where *any* act occurs, *see* 15 U.S.C. § 78aa(a), it is a more liberal standard than § 1391(b), which requires that a "substantial part" of the events have occurred within the district, *see* 28 U.S.C. § 1391(b). Therefore, because Plaintiffs have not established that "any" act occurred in this district as the Exchange Act requires, they also have not established that a "substantial part" of the events occurred here.

Case 1:17-cv-11155-NMG Document 37 Filed 06/21/17 Page 9 of 11

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00671 BRO (FFMx) | Date | June 21, 2017 |
|---|---|---|---|
| Title | ANTHONY DELAROSA V. STATE STREET CORPORATION, ET AL. | | |

Massachusetts and any corporation with its principal place of business there. *See* Mass. Gen. Laws ch. 223A, § 2 ("A court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, this commonwealth as to any cause of action."); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (explaining that the state in which a corporation's principal place of business is located has personal jurisdiction over the corporation). As State Street is incorporated in Massachusetts and Defendants Hooley and Bell currently reside in Massachusetts, they are subject to personal jurisdiction there. (*See* Declaration of David C. Phelan (Dkt. No. 33-2) (hereinafter, "Phelan Decl.") ¶¶ 3, 5–6.) Further, though Defendant Resch now resides in New Jersey, Defendants indicate that he worked out of State Street's Massachusetts office when he was a State Street employee during the time period relevant to this action. (Phelan Decl. ¶ 4.) Massachusetts law provides that "[a] court may exercise personal jurisdiction over a person . . . as to a cause of action in law or equity arising from the person's . . . transacting any business in this commonwealth." Mass. Gen. Laws ch. 223A, § 3. As Plaintiffs' claims against Defendant Resch arise from the business he performed in Massachusetts, it appears that he is subject to personal jurisdiction there. *See M-R Logistics, LLC v. Riverside Rail, LLC*, 537 F. Supp. 2d 269, 275 (D. Mass. 2008) (explaining that "transacting any business" under Massachusetts law "is interpreted very broadly"). Therefore, the District of Massachusetts has personal jurisdiction over all Defendants.

In addition, venue is proper in Massachusetts because the Exchange Act provides that venue lies "in the district wherein the defendant is found or is an inhabitant or transacts business," 15 U.S.C. § 78aa(a), and each Defendant here either resides in Massachusetts or worked and performed business for State Street in Massachusetts during the relative time frame, (*see* Phelan Decl. ¶¶ 3–6). In addition, as explained above, venue is proper under the Exchange Act where any act constituting the violation occurred, *see* 15 U.S.C. § 78aa(a), and an act occurred in the district from where a communication is transmitted, *see In re Hanger Orthopedic*, 418 F. Supp. 2d at 169. Defendants concede that the relevant communications (i.e., the SEC filings) were transmitted from State Street's office in Boston, Massachusetts. (*See* Mot. at 5–6.) Therefore, this action could have been brought in the District of Massachusetts.

//

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-00671 BRO (FFMx)** | Date | June 21, 2017 |
|---|---|---|---|
| Title | **ANTHONY DELAROSA V. STATE STREET CORPORATION, ET AL.** | | |

### 2.   Whether Transfer is in the Interests of Justice

As explained above, whether transfer is in the interests of justice is generally analyzed under similar factors as those used in a § 1404(a) analysis.  *See Billing*, 2010 WL 2542275, at *5.  Here, a majority of the § 1404(a) convenience factors appear to weigh heavily in favor of transfer: a majority of the witnesses (i.e., State Street's employees) are in Massachusetts; Massachusetts will be a significantly more convenient and less expensive forum for Defendants, and Plaintiffs have not established how this district would be a more convenient or less expensive forum for them; Plaintiffs have not established that any of the underlying events giving rise to the current claim have a connection to this district; and, it would be easier to compel relevant witness attendance and access evidence in the District of Massachusetts.  *See, e.g.*, *Lipnick v. United Air Lines, Inc.*, C 11-2028 CW, 2011 WL 4026647, at *2 (N.D. Cal. Sept. 9, 2011) ("Courts in this district have called the convenience of witnesses often the most important factor in deciding whether to transfer an action." (quoting *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1083 (N.D. Cal. 2008))); *United States v. One Oil Painting Entitled Femme en Blanc by Pablo Picasso*, 362 F. Supp. 2d 1175, 1185–86 (C.D. Cal. 2005) (considering whether witnesses could be compelled to testify when deciding whether to transfer action); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) ("[N]umerous courts have given less deference to the plaintiff's choice of forum where the action has little connection with the chosen forum.").

Further, "[a]lthough great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citations omitted).  As this is a class action, Plaintiffs' choice of forum is entitled little deference.  Moreover, Plaintiffs argue, generally, that they are alleging a fraudulent scheme by a business who conducts business around the world and, therefore, transfer is inappropriate; but Plaintiffs do not explain why State Street's international presence makes this district a more convenient or less costly forum for them than the District of Massachusetts.  Further, Plaintiffs identify no specific connection to, witnesses (or potential class members) from, or evidence located in California.  Therefore, the relevant factors weigh heavily in favor of transfer.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-00671 BRO (FFMx) | Date | June 21, 2017 |
|---|---|---|---|
| Title | ANTHONY DELAROSA V. STATE STREET CORPORATION, ET AL. | | |

Accordingly, the Court finds that transfer of this action pursuant to 28 U.S.C. § 1406(a) is appropriate and is in the interests of justice.[5] *See Omnicell, Inc. v. Medacist Sols. Grp., LLC*, 272 F.R.D. 469, 472–73 (N.D. Cal. 2011) ("Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court."); *see also Johnson v. Law*, 19 F. Supp. 3d 1004, 1010–11 (S.D. Cal. 2014) (finding interests of justice warranted transfer under § 1406(a) where "all of the allegations in [the plaintiff's] complaint point[ed] to the [transferee district] as being the best district" for the action); *Billing*, 2010 WL 2542275, at *5 (finding that transfer under § 1406(a) was in the interests of justice because the plaintiff was leading a class action and, therefore, her chosen forum was entitled to less deference and transferring venue would ease access to evidence); *Ukai v. Fleurvil*, No. 06-00237 JMS/KSC, 2006 WL 3246615, at *5 (D. Haw. Nov. 7, 2006) ("The court therefore finds that the most efficient and just alternative is to exercise its discretion under 28 U.S.C. § 1406(a) and remedy the procedural defects in Ukai's action by transferring the matter."); *Abrams Shell*, 165 F. Supp. 2d at 1110 (transferring rather than dismissing action pursuant to § 1406(a) where venue was proper in the transferee court).

### V.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Transfer Venue to the District of Massachusetts.  Accordingly, this action is **TRANSFERRED** to the District of Massachusetts for all further proceedings.  The Court **VACATES** all pending dates set by this Court to permit the District of Massachusetts to set appropriate dates as it sees fit.  The hearing currently scheduled for Monday, June 26, 2017 is hereby **VACATED**.

   **IT IS SO ORDERED.**

---

[5] Because the Court finds that Plaintiffs have not established that venue is proper in this district, it declines to fully address the parties' arguments regarding transfer pursuant to § 1404.  *See Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, No. CV-14-02139-MWF (VBKx), 2015 WL 12733443, at *6 (C.D. Cal. Apr. 10, 2015) (explaining that § 1406(a) controls once the court has found venue improper in the forum district while § 1404 controls where venue is proper).  In any event, for the same reasons enumerated above and because the convenience factors weigh in favor of transfer, it appears that the transfer would also be proper pursuant to § 1404(a).