UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY DELAROSA, Individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>STATE STREET CORPORATION, JOSEPH L. HOOLEY, EDWARD J. RESCH, and MICHAEL W. BELL,<br><br>　　Defendants. | **Case No: 1:17-cv-11155-NMG** |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

This matter came before the Court for a hearing on the 17th day of April 2019, on the application of the Settling Parties for approval of the Settlement set forth in the amended Stipulation of Settlement dated October 31, 2018 (the "Settlement Stipulation").

It appearing in the record that: (a) the Notice substantially in the form approved by the Court in the Court's Preliminary Approval Order dated December 12, 2018 ("Preliminary Approval Order") was provided to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and (b) the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

The Court having considered all papers filed and proceedings in the Action and otherwise being fully informed of the matters herein and good cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Settlement Stipulation.

2. The Court has jurisdiction over the subject matter of the Action and over the Settling Parties.

3. The Court finds, for purposes of this Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class he seeks to represent; (d)

Plaintiffs fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action.

4. The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the "Settlement Class," defined as all Persons (excluded from the Class are Defendants and their immediate families, the officers and directors of the Company at all relevant times, their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest) who purchased or otherwise acquired State Street common stock during the period from February 27, 2012 through January 18, 2017, both dates inclusive,. Excluded from the Class ("Excluded Person") are (a) Defendants; (b) members of the immediate families of the Defendants; (c) the subsidiaries and affiliates of State Street (provided, however, that no ERISA plan for the benefit of any employees of State Street shall be excluded); (d) any person who is a partner, chief executive officer, executive vice president, chief financial officer, principal accounting officer (or if there is no such accounting officer, the controller), director, members, or controlling person of State Street; (e) any entity in which any Excluded Person has a controlling interest; and (f) the legal representatives, heirs, successors, and assigns of any such excluded party; provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are Persons who timely and validly request exclusion from the Settlement Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement

Class ("Class Representatives") and Lead Counsel previously selected by Plaintiffs and appointed by the Court is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

6. In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: (a) met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 and all other applicable laws; (b) constituted the best notice practicable under the circumstances; (c) were reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement, to appear at the Settlement Hearing, to exclude themselves from the Settlement Class, as well as the binding effect of the orders and judgments in this Action; and (d) constituted due and sufficient notice to all those entitled thereto. No Settlement Class Member shall be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.

7. The Settlement is approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Settlement Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Class Representatives, Settlement Class Members and Defendants. The Parties are directed to

consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

8. The Action and all of the Released Claims are dismissed with prejudice as against each and all of the Defendants. The Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9. In accordance with Paragraph 1.35 of the Settlement Stipulation, for purposes of this Final Judgment, the term "Releasing Parties" shall mean: Plaintiffs, each and every Settlement Class Member and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

10. In accordance with Paragraph 1.33 of the Settlement Stipulation, for purposes of this Final Judgment, the term "Released Parties" shall mean (a) any and all of the Defendants and State Street Bank and Trust Company and any person, partnership, firm, corporation, limited liability company, trust, or other entity or organization in which any Defendant has a controlling interest or which is or was related to or affiliated with any of the Defendants; (b) with respect to each of the Persons in subsection (a), their respective past, present and future directors, officers, employees, managers, servants, insurers, co-insurers, reinsurers, attorneys, agents, partners, limited partners, principals, members, trustees, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, consultants, subsidiaries, parents, any other entity in which any such parent has a controlling interest or which is or was related to or affiliated with any such parent, successors, predecessors, heirs, immediate family members, and anyone acting or purporting to act for or on behalf of any of them or their successors; and (c) the legal representatives, predecessors, heirs, successors and assigns of any of the foregoing.

11. In accordance with Paragraph 1.32 of the Settlement Stipulation, for purposes of this Final Judgment, the term "Released Claims" shall mean, to the fullest extent permitted by law or equity, claims, demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, rights of recovery, causes of action, duties, obligations, judgments, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, including Unknown Claims, whether known or unknown, direct or indirect, representative, class, individual, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, at law or equity, whether arising under federal, state, local, foreign, statutory, common, administrative, or any other law, statute, rule, or regulation that the Releasing Parties: (a) asserted in the Action; (b) could have asserted or could in the future assert in this Action or any other action or in any forum, that arise from or out of, relate to, or are in connection with the claims, allegations, transactions, alleged or actual prohibited transactions or breaches of duty (including fiduciary duty), facts, events, acts, disclosures, matters or occurrences, errors, statements, representations, actions, failures to act or omissions involved, alleged, described, set forth, or referred to in the complaints filed in the Action or that arise from or out of, relate to, directly or indirectly, or are in connection with the holding, purchase, acquisition, or sale of State Street common stock during the Settlement Class Period (including, without limitation, claims for fraud and negligent misrepresentation); or (c) that arise out of, relate to, or are based on the settlement or resolution of the Action, provided, however, that Released Claims do not include claims to enforce this Stipulation. Released Claims also do not include any derivative claims that are or may be asserted by Anne Cutler in *Cutler v. Burnes*, Superior Court Department of the Trial Court of Massachusetts Civil Action No. SUCV2017-2359-BLS1.

12. In accordance with Paragraph 1.34 of the Settlement Stipulation, for purposes of this Final Judgment, the term "Released Parties' Claims" shall mean: all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or Settlement of this Action, including but not limited to all claims for malicious prosecution or sanctions. "Released Parties' Claims" do not include claims to enforce any of the terms of this Stipulation or the Judgment or Alternate Judgment, if applicable.

13. In accordance with Paragraph 1.46 of the Settlement Stipulation, for purposes of this Final Judgment, the term "Unknown Claims" shall mean: any Claims of every nature and description which Plaintiffs, any Settlement Class Member, or any Released Party does not know or suspect to exist in his, her, or its favor at the time of Effective Date which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Parties, Plaintiffs, or the Settlement Class, or might have affected his, her, or its decision with respect to the Settlement, or such party's decision not to opt-out or object to this Settlement. With respect to any and all Released Claims or Released Parties' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members and Released Parties shall be deemed to have waived, and by operation of the Judgment or Alternate Judgment, if applicable, shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs, the Released Parties, and/or one or more Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims or Released Parties' Claims, but the Defendants and Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member and Released Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment or Alternate Judgment, if applicable, shall have, fully, finally, and forever settled and released, any and all Released Claims or Released Parties' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and the Settlement Class Members and Released Parties shall be deemed by operation of the Judgment or Alternate Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

14.     The Releasing Parties, on behalf of themselves, their past, present, and future heirs, executors, administrators, trustees, predecessors, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, (a) shall have and be deemed to have, and by operation of the Judgment, or Alternate Judgement, shall have, irrevocably and unconditionally, fully, finally, and forever released, waived, relinquished, discharged, and dismissed, with prejudice, all Released Claims against the Released Parties; (b) shall have and be

deemed to have covenanted not to sue, directly or indirectly any Released Party with respect to any and all of the Released Claims; and (c) shall be forever and permanently barred and enjoined from directly or indirectly filing, commencing, instituting, continuing, asserting, intervening in, or prosecuting, or assisting any Person in instituting, continuing, asserting or prosecuting in any forum, any Released Claim, in any capacity, against any of the Released Parties.  This release does not include any derivative claims that are or may be asserted by Anne Cutler in *Cutler v. Burnes*, Superior Court Department of the Trial Court of Massachusetts Civil Action No. SUCV2017-2359-BLS1.  Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Final Judgment.

15. Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Class Representatives Settlement Class Members and Class Counsel from all Released Parties' Claims, and shall be permanently enjoined from prosecuting the Released Parties' Claims against Class Representatives, Settlement Class Members and Class Counsel. Nothing contained herein shall, however, bar the Defendants or any Released Party from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Final Judgment.

16. All Persons whose names appear on Exhibit 1 hereto are hereby excluded from the Settlement Class, are not bound by this Final Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded Persons may not pursue any Released Claims on behalf of those who are bound by this Final Judgment.

17. To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or

causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning such Person's participation in any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Further, nothing in the Settlement Stipulation or this Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

18. The Court finds that all Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 as to all proceedings herein.

19. This Final Judgment, the Settlement Stipulation, any of their respective terms and provisions, and any negotiations, proceedings or agreements relating to the Settlement Stipulation, as well as all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of the Settlement Stipulation:

(a) shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind;

(b) shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in the

Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(c) shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants;

(d) shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Stipulation; provided, however, that if the Settlement Stipulation is approved by the Court, the Released Persons may refer to it to effectuate the release of Released Claims and other liability protections granted them hereunder;

(e) shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

(f) shall not be construed as or received in evidence as an admission, concession or presumption against Class Representatives or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

(g) shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action.

20. The Released Parties may file or introduce the Settlement Stipulation and/or this Final Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to otherwise enforce the terms of the Stipulation or this Final Judgment.

21. Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

22. Without affecting the finality of this Final Judgment in any way, this Court hereby retains exclusive jurisdiction over (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including to the Claims Administrator; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and any Award to Plaintiffs; and (d) all Settling Parties for the purpose of construing, enforcing and administering the Settlement.

23. Without further order of the Court, the Defendants and Class Representatives may agree in writing to such amendments, modifications, and expansions of the Settlement Stipulation, and reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation, provided that such amendments, modifications, expansions and extensions do not materially limit the rights of Settlement Class Members or the Released Parties under the Settlement Stipulation.

24. The finality of this Final Judgment approving the Settlement shall not be affected, in any manner, by rulings that the Court has made, or may in the future make, on the Plan of

Allocation, Class Counsel's application for an award of attorneys' fees and expenses, or any award to Plaintiffs, or any appeal or modification of any orders relating to the foregoing. Such matters shall be considered separate from final approval of the Settlement.

25. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

26. In the event the Settlement does not become effective in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Final Judgment shall be null and void to the extent provided by and in accordance with the Settlement Stipulation, and shall be vacated, and in such event, the provisions of Paragraph 10.6 of the Settlement Stipulation shall apply.

27. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: _____, 2019                    _____
                                                HON. NATHANIEL M. GORTON
                                                UNITED STATES DISTRICT JUDGE

# EXHIBIT 1
**Excluded Settlement Class Members**

- Mark S. Fulton
- Jason Rosenthal